UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 3:04-cr-138 (JCH) |
| | : | |
| RONALD DOUGLAS | : | MAY 12, 2009 |

**RULING RE: ELIGIBILITY FOR RESENTENCING (Doc. No. 2041)**

On April 22, 2008, this court issued an Order to Show Cause why the defendant, Ronald Douglas, should be given a reduced sentence pursuant to the newly retroactive change in the crack-cocaine guidelines. See Doc. No. 2041. The court noted that Douglas had been found to be a career offender at sentencing, and that he therefore appeared ineligible to obtain a reduced sentence. Id. In response, Douglas's attorney has filed a Response and Supplemental Response asserting that Douglas is eligible for resentencing. See Doc. Nos. 2155 and 2273.

At sentencing,[1] the court determined that Douglas was a career offender. Without career offender status, Douglas's offense level would have been 28, and his criminal history category VI. Sentencing Tr. at 5-6; PSR ¶¶ 5, 57. As such, after accounting for acceptance of responsibility, Douglas would have faced a guidelines range of 110-137 months' imprisonment. Because he was a career offender, however, the sentencing guidelines increased his offense level to 37, with his criminal history remaining at VI. Sentencing Tr. at 6. This meant that, after accounting for acceptance

---

[1] The court has reviewed the PSR and sentencing transcript in connection with the instant Ruling.

1

of responsibility, Douglas faced a guidelines range of 262-327 months' imprisonment.

The government next made a motion for the court to downwardly depart from the sentencing guidelines on the basis of the substantial assistance that Douglas provided to the government.  Id. at 8-11.  The court granted this Motion and agreed to downwardly depart.  Id. at 11.  In light of that decision to depart from the career offender guidelines, and after weighing all of the factors under 18 U.S.C. § 3553(a), id. at 30-35, the court imposed a sentence of 140 months imprisonment.  Id. at 35.

In his Response to the Show Cause Order, Douglas's attorney contends that Douglas is eligible for resentencing because he received a downward departure from the career offender guidelines.  See Doc. No. 2155.  In his supplemental response, he contends that he is eligible for resentencing pursuant to United States v. McGee, 553 F.3d 225 (2d Cir. 2009).  See Doc. No. 2273.

Douglas is only eligible for a retroactive sentence reduction if the crack-cocaine amendments "have the effect of lowering the defendant's applicable guideline range" within the meaning of U.S.S.G. § 1B1.10.  At sentencing, Douglas received a term of imprisonment that was less than the term applicable under the career offender Guidelines.  His term of imprisonment resulted from the court's departure below the guideline range pursuant to a § 5K1.1 motion of the government based on the defendant's substantial assistance, and after weighing all of the factors under 18 U.S.C. § 3553(a).  See Tr. at 30-35.  That is, Douglas was sentenced as a career offender pursuant to a departure for substantial assistance and after weighing the 3553(a)

factors. At no time did the court state that it was departing downward on the basis that Douglas's career offender status overrepresented his criminal history.[2] In light of Douglas's career offender status, and the fact that the court did not base Douglas's sentence on the crack-cocaine guidelines,[3] his guidelines calculation was not affected by the retroactive change in the crack-cocaine guidelines. See United States v. Ogman, 535 F.3d 108, 111 (2d Cir. 2008) (holding that where sentence is pursuant to Guideline range that results from status as a career offender, and without reliance upon the Guidelines' drug quantity table, remand to district court for resentencing is not appropriate); cf. McGee, 553 F.3d 225 (holding that where a defendant designated a career offender was granted a departure so that he was ultimately sentenced based on the crack cocaine guidelines, he is eligible for a reduced sentence). Because Douglas received a non-guideline sentence, and his sentence was not based on the crack-cocaine guidelines, a further reduction would not be appropriate.

For the foregoing reasons, the court concludes that Douglas is not eligible for resentencing.

---

[2] Furthermore, at no time did the court state that it was basing its sentence on the guideline range that would be applicable to Douglas if he were not a career offender. The 140-month sentence actually imposed on Douglas is greater than the 110-137 month guideline range that would have been applicable in the absence of the career offender guidelines.

[3] Douglas states he was sentenced "under 2D1.1(c)(1)," citing a 6/3/02 Transcript at 62-63. Douglas was sentenced on September 20, 2005, the sentencing transcript is 40 pages long, and the court can locate no reference in it to 2D1.1(c)(1).

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 12th day of May, 2009.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge